# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

WILLIAM FASANO,                          )
                                         )
       Plaintiff,                    )
                                         )
    v.                                  )          Civil Action No. 22-1329-SRF
                                         )
STATE OF DELAWARE, NATURAL               )
RESOURCES & ENVIRONMENTAL                )
CONTROL, DIVISION OF PARKS &             )
RECREATION,                              )
                                         )
       Defendant.                    )

---

Kate Butler, KATE BUTLER LAW LLC, Wilmington, DE; David M. Koller, KOLLER LAW, LLC, Philadelphia, PA.

      Attorneys for Plaintiff.

Sawyer M. Traver, Devera B. Scott, Zi-Xiang Shen, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE.

      Attorneys for Defendant.

---

## <u>MEMORANDUM OPINION</u>

April 1, 2024
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before the court in this civil action for violations of Titles I and V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Delaware Persons with Disabilities Employment Protection Act ("PDEPA"), 19 *Del. C.* § 720 *et seq.*, is the motion to dismiss the amended complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by defendants Delaware Department of Natural Resources and Environmental Control ("DNREC") and Shawn M. Garvin,[1] in his official capacity as Secretary of DNREC ("Garvin;" together with DNREC, "Defendants").  (D.I. 16)[2]  On October 18, 2023, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case.  (D.I. 24)  For the following reasons, Defendants' motion to dismiss for insufficient service of process is GRANTED, and the case is dismissed without prejudice.

## I.    BACKGROUND

Plaintiff William Fasano ("Plaintiff") has suffered from post-traumatic stress disorder ("PTSD"), panic disorder, and major depressive disorder since 2009.  (D.I. 15 at ¶ 27)  These conditions cause Plaintiff to experience ongoing flashbacks, nightmares, severe panic attacks, and dissociative episodes that affect his memory and limit his ability to concentrate, sleep, and interact with others.  (*Id.*)

Defendants hired Plaintiff for the position of Planner II in June of 2011, about two years after Plaintiff began suffering from PTSD, panic disorder, and major depressive disorder.  (*Id.* at

---

[1] The amended complaint identifies Garvin as a defendant in this action.  However, Garvin was not added as a party to the litigation and was not included in the case caption of the amended complaint.

[2] The briefing and filings associated with the pending motion to dismiss are found at D.I. 17, D.I. 20, and D.I. 21.

¶ 22)  Plaintiff performed his job well and was promoted to Park Superintendent in August of 2016.  (*Id.* at ¶¶ 23-25)

In 2015, Plaintiff's digestive function became seriously limited by irritable bowel syndrome ("IBS").  (*Id.* at ¶ 29)  In 2019, Plaintiff experienced significant hearing loss and requires hearing aids in both ears.  (*Id.* at ¶ 28)  Plaintiff made Defendants aware of his hearing loss and IBS in 2019, requesting accommodations in the form of written meeting notes and a second toilet in his official park residence.  (*Id.* at ¶¶ 30-32)  The amended complaint does not allege that Plaintiff requested accommodations for his PTSD, panic disorder or major depressive disorder at that time.  Defendants denied Plaintiff's accommodation requests.  (*Id.* at ¶ 34)  The symptoms of Plaintiff's conditions worsened in March of 2020 with the onset of the COVID-19 pandemic, but Defendants still declined to engage in discussions about possible accommodations.  (*Id.* at ¶¶ 35-36)  Plaintiff's performance reviews remained satisfactory.  (*Id.* at ¶ 37)

On January 16, 2021, during a dissociative episode caused by his PTSD, Plaintiff drove a state-owned vehicle instead of his personal vehicle and exceeded the speed limit.  (*Id.* at ¶¶ 40-41)  The amended complaint avers that "Plaintiff initially did not recall using DNREC's vehicle and was unable to take responsibility for doing so at first as a result; however, he ultimately was able to recognize what happened."  (*Id.* at ¶ 42)

Plaintiff received a written performance review on February 19, 2021 identifying certain areas for improvement, but Plaintiff's overall performance was rated as "Meets Expectations."[3]  (*Id.* at ¶ 43; D.I. 17, Ex. A)

---

[3] The court may consider the February 19, 2021 written performance evaluation, even though it is outside the pleadings, because the amended complaint expressly incorporates the evaluation

On March 11, 2021, Plaintiff met with his supervisor and expressed interest in taking a leave of absence to seek treatment for his medical conditions. (D.I. 15 at ¶ 44) The next day, Plaintiff received a letter from Defendants recommending the termination of his employment and placing him on unpaid leave (the "Disciplinary Notification"). (*Id.* at ¶ 45) The Disciplinary Notification is incorporated by reference in the amended complaint. (D.I. 17, Ex. C); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 684 (D. Del. 2013); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (explaining courts may consider "document[s] integral to or explicitly relied upon in the complaint."). It reveals that Plaintiff denied driving the state-owned vehicle until February 23, 2021, when he was confronted with security footage showing otherwise. (D.I. 17, Ex. C at 1-2) Plaintiff was advised that the inquiry into his misconduct would continue, and his fleet privileges were suspended. (*Id.*) During a subsequent meeting three days later, Plaintiff was questioned about evidence of additional instances of unauthorized use of a state-owned vehicle and misuse of state-owned computers. (*Id.*) The amended complaint does not challenge the accuracy of the events described in the Disciplinary Notification.

On March 19, 2021, Plaintiff underwent a medical examination and obtained paperwork formally requesting reasonable accommodations in the form of access to private bathroom facilities, written communications, and a quiet, calm workspace in which to recover from panic attacks. (D.I. 15 at ¶¶ 47-48)

Plaintiff responded to the Disciplinary Notification on March 25, 2021, representing that DNREC was aware of his disabilities but refused to provide him with reasonable

---

into the pleading by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 684 (D. Del. 2013).

accommodations. (*Id.* at ¶¶ 49-50)  Plaintiff's response also accused Defendants of retaliating against him based on his requests for accommodation. (*Id.* at ¶ 50)  In his response, which is incorporated into the amended complaint by reference, Plaintiff acknowledged receiving a letter from Defendants on March 3, 2021 recommending a three-day suspension of Plaintiff's employment. (D.I. 17-2 at 23-24)

Defendants made the final decision to uphold the termination decision on April 1, 2021. (*Id.* at ¶ 51)  Plaintiff brought this suit on October 10, 2022 and filed the amended complaint on April 26, 2023. (D.I. 1; D.I. 15)  Defendants moved to dismiss the amended complaint on May 10, 2023. (D.I. 16)  The motion to dismiss is fully briefed and ripe for resolution.

## II.   DISCUSSION

### A.  Rule 12(b)(5) - Insufficient Service of Process

#### 1.  Legal standard

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5).  Service of process is governed by Federal Rule of Civil Procedure 4, which requires the plaintiff to serve the summons and complaint within the 90-day time limit for perfection of service. Fed. R. Civ. P. 4(m).  If service is not completed within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*  When the sufficiency of service of process is challenged, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).  District courts in the Third Circuit have broad discretion to dismiss a complaint for failure to effect service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

## 2. Analysis

Because this suit is brought against a state agency and an officer of the state government concerning matters arising in connection with the exercise of his official duties, Plaintiff must establish compliance with 10 *Del. C.* § 3103(c) in addition to Rule 4.  Section 3103(c) provides that

> [n]o service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General.

10 *Del. C.* § 3103(c); *see Seawright v. Williams*, C.A. No. 05-576-KAJ, 2006 WL 1687764, at *1 (D. Del. June 15, 2006).

Defendants concede that Plaintiff served a summons on an agent of the Attorney General, Chief Deputy Attorney General, and State Solicitor in accordance with 10 *Del. C.* § 3103(c). (D.I. 17 at 9; D.I. 5; D.I. 7 at ¶¶ 7-9)  However, Defendants argue that Plaintiff failed to complete service of process on DNREC within the requisite time frame under Rule 4(m) and has taken no action to remedy the deficiency.  (*Id.*)  Plaintiff maintains that Defendants were properly served without rebutting the substance of Defendants' argument or offering any evidence to satisfy his burden of proof.  (D.I. 20 at 12)

Plaintiff has not met his burden to show that service was properly made on Defendants. *See Grand Entm't Grp.*, 988 F.2d at 488.  It is well-established that the requirement for service of process on the Attorney General, the Chief Deputy Attorney General, or the State Solicitor under 10 *Del. C.* § 3103(c) is in addition to, not in lieu of, service of process on the defendants: "In Delaware, any summons initiating a lawsuit against the State of Delaware or any state officer, must be served upon the Attorney General, State Solicitor, or Chief Deputy Attorney

General, in *addition to the Defendants*." *Wilson v. Metzger*, 2019 WL 166687, at *1 (Del. Super. Ct. Jan. 4, 2019) (emphasis in original) (citing 10 *Del. C.* § 3103(a); (c)); *see also Christianson v. Dart-Del. Transit Corp.*, 2020 WL 6887954, at *4 (Del. Super. Ct. Nov. 24, 2020) ("The proper procedure for service of process against the State is to serve the Attorney General, the State Solicitor, or the Chief Deputy Attorney General and all the Defendants.").

The record before the court contains an executed summons for service of the original complaint on the Attorney General, the State Solicitor, and the Chief Deputy Attorney General, but there is no executed summons confirming that service of process was made on Defendants. (D.I. 5)  After Plaintiff moved for entry of default in appearance under Rule 55(a), Defendants filed a response which highlighted this deficiency in Plaintiff's efforts to effect service of process.  (D.I. 7 at ¶¶ 8-9)  The court agreed with Defendants and denied Plaintiff's motion for entry of default in appearance based on the conclusion that "[P]laintiff has failed to properly accomplish service pursuant to Fed. R. Civ. P. 4 and 10 Del. C. § 3103(c)." (D.I. 9)  Despite this court order, which was entered more than a year ago, Plaintiff has taken no further action to effect service of process on Defendants in accordance with Rule 4 and 10 *Del. C.* § 3103(c).

Having determined that service of process on Defendants is deficient, the court must next determine the appropriate remedy.  Rule 4(m) provides two options: (1) "dismiss the action without prejudice," or (2) "order that service be made within a specified time." Fed. R. Civ. P. 4(m).  If Plaintiff shows good cause for failure to properly serve the complaint within 90 days, Rule 4(m) provides that "the court must extend the time for service for an appropriate period." *Id.*  The Third Circuit has explained that, if good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extent time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

7

Dismissal without prejudice is the appropriate remedy in the instant case. Plaintiff does not present any argument in support of good cause, and the court finds no good cause on this record. Plaintiff "does not concede that [he] failed to properly serve Defendants," even though the court entered an order on January 5, 2023 stating that Plaintiff's efforts to effect service of process were deficient. (D.I. 20 at 12; D.I. 9) Since the January 5 order, Defendants have twice briefed the issue of insufficient service of process, and Plaintiff has opposed Defendants' position each time without taking any steps to provide additional proof or remedy the defects in service of process on Defendants. (D.I. 11 at 9-11; D.I. 17 at 8-10) Plaintiff now suggests that a second court order setting a specific deadline to provide proper service will do the trick. (D.I. 20 at 12) But Plaintiff has had more than a year since the court's January 5 order to remedy the defects in service, and he has made no effort to do so. Because ordering Plaintiff to provide appropriate service appears unlikely to advance the case in these circumstances, the case is dismissed without prejudice under Rule 12(b)(5).

### B. Failure to State a Claim

Because dismissal is warranted under Rule 12(b)(5) alone, the court does not address Defendants' arguments under Rule 12(b)(6).

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for insufficient service of process under Rule 12(b)(5) is GRANTED and the case is DISMISSED without prejudice. (D.I. 16) An Order consistent with this Memorandum Opinion shall issue.